UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAIRE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-3132-B |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Vehicle and Property Insurance Company ("Allstate")'s Motion to Sever and Abate (Doc. 22). For the reasons given below, the Court **DENIES** the motion.

### I.

### BACKGROUND

This is an insurance dispute. Plaintiff Claire Garcia ("Garcia") claims that her home in Irving, Texas, "sustained extensive damage resulting from a severe storm" in April 2020. Doc. 1-1, Original Pet., ¶ 11. She submitted a property damage claim to her insurer, Allstate, who assigned two agents "to inspect and adjust the claim." *Id.* ¶¶ 9, 12–15. The first agent inspected the home in January 2021 and calculated a damage estimate of $843.68, and the second agent inspected the home in March 2021 and calculated a damage estimate of $1,166.84. *Id.* ¶¶ 14–15. "After application of depreciation and [the policy's] $1,883.00 deductible" both estimates would have "left [Garcia] with no funds to make repairs." *Id.* Independently, Garcia hired a third-party inspector who "found

additional storm damage" and has estimated the damage to her home at $18,016.94. *Id.* ¶¶ 17–18.

Garcia brought claims against Allstate and one of its agents in Texas state court and Allstate timely removed the action to this Court. Doc. 1, Not. Removal.[1] Garcia asserts a claim for breach of contract (the "contract claim"), and claims for violations of Sections 541.060 and 542.060 of the Texas Insurance Code (Unfair Settlement Practices and Prompt Payment of Claims), breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act (DTPA), fraud, negligence, and gross negligence (collectively, the "extra-contractual claims"). Doc. 1-1, Original Pet., ¶¶ 38–92. Specifically, she claims that Allstate has breached its contract with her by improperly "refus[ing] full coverage [of her claim] . . . includ[ing] . . . replacement of the roof and [repairing] additional exterior damage" and that "[t]he disparity . . . in [Allstate's agents'] reports compared to that of the third-party inspector[] . . . is evidence of unfair claims handling practices on the part of Allstate." *Id.* ¶¶ 17, 19. She also asserts that Allstate's agents—who "were aware of [Garcia's] deductible prior to inspecting the Property" and of her policy's coverage and exclusions—improperly used that knowledge to tailor their inspection reports so that Allstate could deny coverage and to "fabricate plausible explanations for why visible damage to [her] Property would not be covered under the policy." *Id.* ¶¶ 20–23.

Allstate moves to sever the contract claim from the extra-contractual claims. Doc. 22, Mot. Sever. Garcia has responded, Doc. 24, Resp., and Allstate's time to file a reply has expired. *See* N.D.

---

[1] Shortly before removal and again after removal, Allstate filed an Election of Legal Responsibility for the agent's actions, pursuant to § 542A.006(c) of the Texas Insurance Code. Doc. 1-1, State Court Election; Doc. 16, Election; Doc. 18, Mot. Election. Subsequently, the Court dismissed the agent from this case, Doc. 20, Order Dismissing Mondaca, and the Court considers the claims against Mondaca as if asserted against Allstate.

Tex. Loc. Civ. R. 7.1(f). Thus, the motion is ripe for determination and the Court considers it below.

## II.

## LEGAL STANDARD

The court treats this motion to sever as a motion for separate trials under Fed. R. Civ. P. 42(b). *See Karam v. Nationwide Gen. Ins. Co.*, 1999 WL 1240791, at *1 (N.D. Tex. Dec. 20, 1999); *Jones v. Allstate Tex. Lloyds*, 2017 WL 10129162, at *2 (E.D. Tex. Aug. 22, 2017); *cf. United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (differentiating motions to sever under Rule 42(b), which separates claims within a single action, and Rule 21, which creates a separate action). Under this rule, a court may sever claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Whether to grant such a motion is within the sound discretion of the trial court. *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992).

## III.

## ANALYSIS

Allstate argues that "[i]n order to prevail . . . on her extra-contractual claims, [Garcia] must first establish a breach of the insurance contract." Doc. 22, Mot., 3. Allstate claims that severing the claims will save time and money for the Court and the parties in the event that Allstate is absolved of contractual liability. *Id.* at 4. Allstate further claims that the extra-contractual claims "must necessarily be abated" since they cannot be tried until after the contract claim is resolved. *Id.* For these reasons, Allstate asserts that granting its motion is necessary to "do justice and avoid prejudice." *Id.* (citing *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990)).

>Garcia responds that Allstate's motion should not be granted, for four reasons:
>
>1) the contractual and extra-contractual claims are so interwoven with each other that they involve the same facts and issues; 2) severing and/or abating the claims would not promote justice or promote economy for any participant, including litigants, jurors or the Court; 3) Allstate has failed to prove that they would be prejudiced should severance or abatement not be granted; and 4) Allstate's request for severance runs counter to recent guidance offered by the Texas Supreme Court.

Doc, 24, Resp., 2. Garcia further argues that Allstate has not carried its burden of showing prejudice if the claims are tried together and that severing the claims would not "promote prompt, efficient, and cost-effective resolution" of this dispute but "would do just the opposite." *Id.* at 3.

For the following reasons, the Court **DENIES** Allstate's motion to sever and abate.

First, because "[a]n insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties," it is not clear that some of Garcia's extra-contractual claims would not survive an adverse ruling on her contractual claim. *See Jones*, 2017 WL 10129162, at *2 (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.2d 479, 495 (Tex. 2017)) (presenting almost identical facts and arguments to the present case); *see also Vail v. Tex. Farm Bureau Mut. Ins.*, 754 S.W.2d 129, 136 (Tex. 1988)). While Allstate cites *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex App.—Austin May 6, 1992, writ ref'd n.r.e.), for the premise that Allstate has the right to have the contractual claim severed and determined first, *Sikes* is inapposite because it involved an award of attorneys' fees for an uninsured motorist policy claim—fees for which the insurer was not responsible absent a finding of the third-party-motorist's liability. 830 S.W.2d at 753–54. By contrast, here, Allstate has not explained why all Garcia's extra-contractual claims are foreclosed by a finding of no contractual breach. *See* Doc. 22, Mot., 3 (conclusorily stating that Garcia must establish breach of contract to prevail on the extra-

contractual claims). So, "[a]t this early stage, it is largely speculative . . . whether [Garcia]'s contractual claim[] could be dispositive of all of [Garcia's] extra-contractual claims." *See Jones*, 2017 WL 10129162, at *2.

Second, because the contractual and extra-contractual claims are factually intertwined, severing these claims would only serve judicial efficiency if the contractual claim is resolved against Plaintiff and does dispose of the remaining claims. *See id.* If the contractual claim is instead resolved against Allstate, or proves not to dispose of any extra-contractual claim, granting this motion would mean:

> the discovery process would have to be reopened for Plaintiff's extra-contractual claims. Further, another jury would have to be empaneled to decide claims that could have been presented to the previous jury, causing unnecessary inconvenience to the members of the public chosen for that second jury panel. Finally, the Court and the Parties would have to undertake the expense of preparing for a second trial. Such potential costs far outweigh any speculative savings from severance.

*See id.*

Finally, Allstate has not shown that it will be prejudiced if the contractual and extra-contractual claims proceed together and no abatement is granted. *See* Doc. 22, Mot., 5 (arguing that "[i]f discovery concerning the extra-contractual claims is not abated, Allstate will be prematurely forced to decide if it will waive attorney-client[,] . . . work product[,] . . . [and] trade-secret privileges"). As Garcia points out, attorney-client and work-product privileged documents are generally not discoverable, and a protective order can appropriately limit disclosure of any trade secrets. Doc. 24, Resp., 9; *see Jones*, 2017 WL 10129162, at *2.

Accordingly, the Court finds that severance and abatement is unwarranted. *See* Fed. R. Civ. P. 42(b).

## IV.

## CONCLUSION

For the reasons given above, Allstate's Motion to Sever and Abate (Doc. 22) is **DENIED.**

**SO ORDERED.**

**SIGNED: April 29, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE